**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DRAYDEN D. SHUMPERT, ) | |
| Plaintiff, ) | Case No. 2:15-cv-02273-JAD-GWF |
| vs. ) | **ORDER** |
| D. MADRID, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Defendants' Motion to Stay Discovery (ECF No. 22), filed on September 27, 2016. Plaintiff filed a Declaration of Disputed Discovery Request (ECF No. 23) on September 30, 2016, which appears to be meant as an opposition to Defendants' motion. Defendants filed a Reply (ECF No. 24) on October 11, 2016.

**BACKGROUND**

Plaintiff, an inmate in the custody of Clark County Detention Center, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Complaint* (ECF No. 7). Plaintiff's complaint alleges that Defendants used excessive force against him in February 2015 when Defendants entered Plaintiff's cell, tackled him, stomped on his head, and kicked him in the stomach. *Id.* at 4. Plaintiff claims that he passed out and, when he regained consciousness, both Defendants were on top of him and beating him with brass knuckles, resulting from permanent injury to his skull. *Id.* at 5. As a result of this alleged incident, Plaintiff argues that his Eighth and Fourteenth Amendment rights were violated. Defendants have moved to dismiss Plaintiff's complaint based on his alleged failure to exhaust his administrative remedies.

. . .

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581. Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues. *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.

Fed. R. Civ. P. 12(b)(6) requires only that the Court determine whether the pleadings are sufficient to establish a claim, and does not require the Court to determine if the plaintiff could find evidence to support the pleadings. *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007). Fed. R. Civ. P. 12(b)(6) requires a plaintiff "to provide grounds of his entitlement for relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

After conducting its "preliminary peek" of Defendants' Motion to Dismiss, the Court finds that a stay of discovery is warranted with one limited exception. If the District Court finds that Plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act— as argued by Defendants in their motion to dismiss—this case would be completely disposed of. Defendants sole basis for this argument is the fact that Plaintiff marked, in his form complaint, that he did not exhaust his administrative remedies. *See Motion to Dismiss* (ECF No.14). However, Plaintiff asserts in his complaint and in his response to Defendants' motion to dismiss that he was initially denied access to the grievance process and then subsequently filed a complaint with the citizen's review board. *See* ECF Nos. 7 and 18. But Plaintiff has failed to attach any evidence to support that assertion. Therefore, the Court finds that discovery regarding the specific issue of whether or not Plaintiff exhausted his administrative remedies is warranted here in order for the District Court to render a decision on Defendants' motion to dismiss. However, all other discovery shall be stayed pending the resolution of Defendants' motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay of Discovery (ECF No. 22) is **granted**, in part. The parties may conduct discovery regarding whether Plaintiff exhausted his administrative remedies prior to filing his complaint. However, all other discovery is stayed.

**IT IS FURTHER ORDERED** that the stay of discovery will automatically lift upon the Court's denial of Defendants' Motion to Dismiss (ECF No. 22) in whole or in part. The parties shall have fourteen (14) days from the entry of an order denying Defendants' Motion to Dismiss to file a proposed discovery plan and scheduling order.

DATED this 13th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge