UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Drayden D. Shumpert,<br>    Plaintiff<br>v.<br>D. Madrid, et al.,<br>    Defendants | 2:15-cv-02273-JAD-GWF<br><br>**Order Staying Case**<br><br>[ECF Nos. 14, 27, 28, 31] |

    Pretrial detainee Drayden D. Shumpert asserts a single claim for excessive force against a pair of correctional officers. Defendants move to stay this case until the criminal case pending against Shumpert in state court—which is based on the same altercation as this case—is resolved.[1] Because Shumpert's excessive-force claim implicates rulings that are likely to be made in the pending state criminal proceeding, I stay this case until the criminal proceedings are concluded.

**Discussion**

    Shumpert asserts a single claim for excessive force against Clark County Detention Center (CCDC) correctional officers (COs) D. Madrid and M. Hines.[2] Shumpert alleges that on February 7, 2015, COs Hines and Madrid entered his cell, and CO Hines tackled him, stomped on his head, and kicked him in the stomach.[3] On February 26, 2015, Shumpert was charged in Nevada state court with two felony counts of battery by a prisoner.[4] The state-court records show that the criminal charges arise from the altercation complained of in this case: the state alleges that Shumpert

---

[1] ECF No. 31.

[2] ECF No. 1-1.

[3] *Id.* at 4.

[4] ECF No. 31-3.

unlawfully used force against COs Madrid and Hines on February 7, 2015.[5] Shumpert filed this civil-rights case almost ten months after the criminal charges against him were filed. Defendants argue that, because any judgment in this case would affect the validity of a potential state-court conviction, this case should be stayed until Shumpert's criminal case has ended.[6]

The United States Supreme Court held in *Heck v. Humphrey* that a prisoner cannot bring a civil-rights claim for damages if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" due to the officers' alleged misconduct.[7] In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which § 1983 damages are sought, the §1983 action must be dismissed."[8] The lawfulness of the correctional officers' and Shumpert's use of force will likely be determined in Shumpert's criminal case. Because Shumpert's criminal battery case may result in Shumpert's excessive-force claim being barred by *Heck*, I exercise my discretion to temporarily stay this case until the criminal case has ended.[9]

---

[5] ECF No. 31-1.

[6] ECF No. 31.

[7] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[8] *Smithhart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

[9] *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see also Peyton v. Burdick*, 358 Fed.Appx. 961 (9th Cir. 2009) ("[B]ecause [plaintiff's] claims implicate rulings that are likely to be made in the pending state court criminal proceeding . . . the district court should have stayed the section 1983 action until the criminal case . . . is ended") (internal citations and quotation marks omitted).

**Conclusion**

Accordingly, IT HS HEREBY ORDERED that this case is **STAYED** pending final judgment in *Nevada v. Drayden Shumpert*, Nevada Eighth Judicial District Court, Clark County Nevada, Case number C-15-304633-1.  Either party may move to lift the stay once Shumpert's criminal case is resolved.

IT IS FURTHER ORDERED that all other pending motions **[ECF Nos. 14, 27, 28] are DENIED** without prejudice to their refiling within 20 days after the stay is lifted.

Dated this 11th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge