UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DRAYDEN D. SHUMPERT,<br><br>    Plaintiff,<br><br>  v.<br><br>D. MADRID, *et al.*,<br><br>    Defendants. | Case No. 2:15-cv-02273-JAD-EJY<br><br>**ORDER** |

Presently before the Court is Defendants' Motion to Stay Discovery (ECF No. 51), Plaintiff's Motion for Appointment of Counsel (ECF No. 52), and Plaintiff's Motion to Reopen Discovery (ECF No. 54). No responses have been filed in response to any of these Motions. The Court finds as follows.

**I.    BACKGROUND**

This case concerns Defendants' alleged beating of Plaintiff, which took place while Plaintiff was incarcerated at the Clark County Detention Center ("CCDC"). On February 10, 2015, the State of Nevada filed a criminal complaint against Plaintiff for the crime of "battery by prisoner." *State of Nevada v. Shumpert*, Case No. C-15-304663-1. On December 1, 2015, Plaintiff filed his Complaint asserting a single 42 U.S.C. § 1983 claim for excessive force against Defendants in federal court, based on the same set of facts underlying the criminal complaint filed against him in state court. ECF No. 1-1.

On July 11, 2016, Defendants filed their Motion to Dismiss on the basis that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. § 1997e. ECF No. 14. On September 27, 2016, Defendants filed their first Motion to Stay Discovery, arguing that their Motion to Dismiss was potentially dispositive of the entire case. ECF No. 22.

On October 13, 2016, Judge Foley granted Defendants' first Motion to Stay Discovery in part, allowing "[t]he parties [to only] conduct discovery regarding whether Plaintiff exhausted his administrative remedies prior to filing his complaint," and staying discovery for all other purposes. ECF No. 25 at 3:15–16.

On November 1, 2016, Plaintiff filed a "Reply To The Exhaustion of Administrative Allegations," and attached a January 19, 2016 letter from the Citizen Review Board confirming receipt of his complaint of misconduct. ECF No. 26 at 4. However, this letter does not discuss whether the complaint concerned the same events underlying the present action.

On December 27, 2016, Defendants filed their second Motion for Stay of Discovery. ECF No. 31. Defendants argued that the proceedings should be stayed during the pendency of Plaintiff's criminal matter "[a]s any judgment in this matter would affect the validity of a potential state court conviction." *Id*. at 6:6–7.

On January 11, 2017, Judge Dorsey granted Defendants' second Motion for Stay of Discovery, stayed this case through the conclusion of Plaintiff's criminal proceedings in state court, and denied all outstanding motions (including Defendants' Motion to Dismiss) without prejudice. ECF No. 32. After pleading guilty and being convicted in the companion state court case, Plaintiff moved to lift the stay. ECF Nos. 45, 47.

On January 14, 2020, Judge Dorsey granted Plaintiff's Motions to Lift Stay of Case, permitting Defendants to renew their motion to dismiss and permitting any party wishing to reopen discovery to file a motion to do so. ECF No. 48.

On February 11, 2020, Defendants refiled their Motion to Dismiss, which is now pending before Judge Dorsey. ECF No. 50. Defendants argue in their renewed Motion to Dismiss that Plaintiff's Complaint must be dismissed because he failed to exhaust his administrative remedies as statutorily required under the PLRA, and because a judgment in favor of Plaintiff's excessive force claim would invalidate his criminal conviction.

The instant Motions followed.

**II. DISCUSSION**

**A. Discovery is Stayed Pending Outcome of Defendants' Motion to Dismiss.**

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Indeed, under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*id*. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted (*Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

**1. Defendants' Motion to Dismiss is potentially case dispositive.**

Defendants' Motion to Dismiss is potentially case dispositive, which satisfies the first prong of the *Tradebay* test for granting a motion to stay discovery pending a dispositive motion. *Id*. at 608. The Court took a "preliminary peek" at the merits of Defendants' Motion to Dismiss and finds Defendants have made strong legal arguments that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, Defendants' Motion to Dismiss will likely dispose of the entire case because Plaintiff failed to exhaust his administrative remedies prior to filing this action, and because a judgment in favor of Plaintiff's civil rights claim would necessarily imply that Plaintiff's criminal court conviction is invalid.

> *a. Defendants' Motion to Dismiss likely demonstrates that Plaintiff failed to exhaust his administrative remedies prior to filing this action.*

The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

3

42 U.S.C. § 1997e (emphasis added). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)96)." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, Defendants allege in their renewed Motion to Dismiss that "Plaintiff [f]ailed to [e]xhaust [a]dministrative [r]emedies as [r]equired by 42 U.S.C. § 1997e(a)" prior to filing this suit. ECF No. 50 at 6:17–18. Defendants claim, *inter alia*, that Plaintiff: "admits that he failed to exhaust his available administrative procedures," "presents no evidence that he followed any of CCDC's other available grievance processes," and "did not provide any evidence that these other available procedures were made unavailable to him[.]" *Id*. at 6:19–20, 7:18, 7:21–22 (internal citation omitted). Plaintiff contests these allegations: he claims he was denied access to the grievance process and began filing grievances once he was able to do so. ECF No. 53 at 3:14–20. In support, Plaintiff attached two grievances he filed with the CCDC, but both are dated after the initiating Complaint in this case. *Id*. at 6, 7. Plaintiff also attached five "Mental/Dental/Psychiatric Requests" (*id*. at 8–12), but these are not administrative grievances and only two requests pertain to the alleged beating he received from Defendants (*id*. at 8, 9). The Court also notes that Plaintiff submitted a letter from the Citizen Review Board acknowledging receipt of his complaint of misconduct, but it is unclear whether this complaint is premised on the same events underlying the instant action. ECF No. 26 at 4. In any event, it does not appear as if Plaintiff exhausted all the administrative remedies available to him prior to filing the Complaint in this matter.

If Defendants' allegations are true, then dismissal of Plaintiff's case is required under the PLRA. On the basis of Plaintiff's purported failure to exhaust his administrative remedies alone, Defendants' Motion to Dismiss is potentially case dispositive.

> b. *Defendants' Motion to Dismiss likely demonstrates that a judgment in favor of Plaintiff's civil rights claim would necessarily imply that Plaintiff's criminal court conviction is invalid.*

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's

4

action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

The Court believes Defendants will prevail on this basis: "[b]ecause Plaintiff was convicted of willful and unlawful use of force or violence against Defendants, Defendants['] actions must be objectively reasonable in light of the fact and circumstances that confronted them." ECF No. 51 at 6:16–18. Plaintiff's challenge that "[D]efendants used force[] far greater than that required for his arrest, and out of proportion to the threat which he posed to the defendants," is precluded by his guilty plea and subsequent conviction in state court. ECF No. 53 at 2:19–21. In other words, Plaintiff's excessive force claim is barred by his battery conviction in the accompanying criminal state case and, therefore, Defendants' Motion to Dismiss is likely to be case dispositive.

### 2. Defendants' Motion to Dismiss can be decided without discovery.

Defendants' Motion to Dismiss can be decided without additional discovery, which satisfies the second prong of the *Tradebay* test for granting a motion to stay discovery pending a dispositive motion. *Tradebay*, 278 F.R.D. at 608. While it is true that "[t]he fact that a non-frivolous . . . motion is pending is simply not enough to warrant a blanket stay of all discovery," here, the Court believes the Defendants have sufficiently carried its heavy burden to show why discovery should be stayed. *Id*. at 603. Specifically, Defendants' Motion to Dismiss can be decided purely on the legal sufficiency of Plaintiff's claim, pursuant to Fed. R. Civ. P. 12(b)(6). That is, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, the Court grants Defendants' Motion to Stay Discovery (ECF No. 51), and denies Plaintiff's Motion to Reopen Discovery (ECF No. 54).

**B. No Exceptional Circumstance Warrants Appointment of Counsel at This Time.**

Plaintiff's third Motion for Appointment of Counsel is also before this Court. ECF No. 52. In its January 16, 2020 Order denying Plaintiff's second Motion to Appoint Counsel (ECF No. 46), this Court held that:

> Plaintiff's Motion fails to identify any exceptional circumstance warranting appointment of counsel. In fact, Plaintiff says only that he does not have "any money to pay for counsel" and that "justice will be best served" if counsel is appointed. While Plaintiff's *In Forma Pauperis* status establishes that he is unable to pay for counsel (*West v. Brickman*, 07 Civ. 7260(PKC)(DF), 2008 WL 3303773, *1 (S.D.N.Y. Aug. 6, 2008), his desire to ensure justice is best served does not meet the exceptional circumstances test. [*Wood v.*] *Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (explaining that prisoner litigants' lack of a legal education does not constitute "exceptional circumstances"); *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (explaining that lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations."); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation"). As such, exceptional circumstances do not exist justifying the appointment of counsel at this time.

ECF No. 49 at 1:21–2:5.

In the instant Motion, Plaintiff "alleges that the issues in this case are complex, that [he] is unable to adequately present the claims without the assistance of counsel, and that [he] is unable to retain private counsel to represent him[.]" ECF No. 52 at 2. As the Court previously noted, however, the exceptional circumstances test warranting appointment of counsel is not satisfied simply because a *pro se* inmate identifies "factors . . . which any litigant would have in proceeding pro se[. These are] not . . . exceptional factors." *Wood*, 900 F.3d at 1335–36. In addition, the cases cited by Plaintiff are inconsequential to the present action, because one relates to the appointment of counsel in proceedings governing motions to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255 (*Brown v. U.S.*, 623 F.2d 54 (9th Cir. 1980)), and the other concerns a prisoner's right to counsel in state habeas corpus proceedings (*Hawkins v. Bennett*, 423 F.2d 948 (11th Cir. 1970)). Put simply, Plaintiff does not present a change in circumstances warranting an appointment of counsel at this time.

Plaintiff's Motion for Appointment of Counsel (ECF No. 52) is therefore denied.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 51) is GRANTED until the Court issues a further order arising from its decision on Defendants' Motion to Dismiss (ECF No. 50).

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 52) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reopen Discovery (ECF No. 54) is DENIED.

DATED THIS 6th day of March, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE